IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DON HANCOCK, et al.,

    Plaintiffs,

      v.

GWINNETT COUNTY, GEORGIA,
et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:15-CV-4484-TWT

## OPINION AND ORDER

This is a civil rights action challenging the rezoning of residential property in Gwinnett County. It is before the Court on the Defendants' Motion to Dismiss [Doc. 2]. For the reasons stated below, the Defendants' Motion to Dismiss is GRANTED.

## I. Background

The Plaintiffs are land owners in Gwinnett County, Georgia.[1] On October 27, 2015, the Defendants – Gwinnett County and members of its Board of Commissioners – approved an application to rezone certain properties in the 1300-1400 block of Oleander Road.[2] The Plaintiffs' properties are adjacent to or near the rezoned

---

[1]    Compl. ¶ 7.

[2]    <u>Id.</u> ¶ 9

properties.[3] The Plaintiffs contend that the rezoning will have adverse impacts on traffic, safety, the environment, and their property values.[4] Based on this, they make claims under the Georgia Constitution, the United States Constitution, and 42 U.S.C. § 1983. The Defendants now move to dismiss.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[5] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[6]  In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the

---

[3]     Id. ¶ 8.

[4]     Id. ¶ 34.

[5]     Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[6]     Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted).

plaintiff.[7]   Generally, notice pleading is all that is required for a valid complaint.[8] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[9]

### III. Discussion

The Defendants move to dismiss the Plaintiffs' claims. First, the Defendants argue that the Plaintiffs have no standing to bring their claims. In Georgia, to challenge the merits of a governing authority's decision to rezone, plaintiffs must show special damages.[10] Specifically, a plaintiff must show a substantial interest in the zoning decision and that the special interest is in danger of suffering some "damage or injury not common to all property owners similarly situated."[11] Claims of nuisance

---

[7]     See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[8]     See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[9]     See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

[10]    Macon-Bibb Cnty. Planning & Zoning Comm'n v. Vineville Neighborhood Ass'n, 218 Ga. App. 668, 669 (1995).

[11]    Id.

such as traffic, noise, and increased crime do not show special damages.[12] Nor do homeowners' opinions that their property values will decrease.[13] The Plaintiffs do plead that they "will suffer unique and special damage not common to all property owners similarly situated and not common to the general public," but include no facts to support that conclusory allegation.[14] When the Plaintiffs do reference specific types of damage suffered, they allege "traffic, safety, the environment, destruction of the Plaintiffs' property values and flooding and other loss to the Plaintiffs."[15] These are the exact kind of harms that the court in Macon-Bibb County held do not constitute special damages. Because the Plaintiffs have failed to show that they suffered special damages not suffered by others in the community, they lack standing to bring their challenges to the rezoning.

In Count One, the Plaintiffs allege that "the approval of the Application is equivalent to a complete destruction of the Plaintiffs' valuable property rights without the prior payment of just and adequate compensation in violation of . . . the Constitution of the State of Georgia of 1983 and the due process clause of the

---

[12]    Id. at 670.

[13]    Id.

[14]    Compl. ¶ 25.

[15]    Id. ¶ 34.

Fourteenth Amendment to the United States Constitution."[16] Although the Plaintiffs allege a "complete destruction" of their valuable property rights, they do not allege any facts that would support such a conclusion. For example, they do not allege any facts supporting their inability to access their property, build on their own property, develop their own property, or any other activity whatsoever that Gwinnett County's approval of a nearby rezoning has prevented them from enjoying.

"Georgia law provides a procedure for obtaining compensation for the inverse condemnation of one's property."[17] In this case, the Plaintiffs brought their federal takings claim contemporaneous with their state law claims. As such, the Plaintiffs' federal takings claims are not ripe.[18]

The Plaintiffs have failed to allege facts setting forth plausible claims for the denial of equal protection or due process. The Eleventh Circuit has held that land-use rights, such as those complained of here by the Plaintiffs, are created by state law and

---

[16]     Compl. ¶ 31.

[17]     Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta, 864 F. Supp. 1274, 1280 (N.D. Ga. 1994).

[18]     See Provident Mut. Life Ins. Co., 864 F. Supp. at 1280 ("Because Plaintiff did not fully avail itself of the available process by which a party can compel payment of just compensation for taken property, and because when Plaintiff filed this claim it had yet to learn whether its inverse condemnation claim would result in just or unjust compensation (or no compensation at all), Plaintiff's Fifth Amendment claim is not ripe for adjudication.").

are not entitled to substantive due process protection.[19] The Defendants' motion to dismiss should be granted.

## IV. Conclusion

For the reasons stated above, the Defendants' Motion to Dismiss [Doc. 2] is GRANTED.

SO ORDERED, this 22 day of March, 2016.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[19]     See Greenbriar Village, LLC v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003) ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.").